UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS LOCAL 331 SEVERANCE FUND et al, : | Hon. Joseph H. Rodriguez |
| : | Civil Action No. 10-2969 |
| Plaintiffs, : | MEMORANDUM ORDER |
| v. : | |
| ATLANTIC COUNTY CONCRETE & MATERIALS, LLC et al, : | |
| Defendants. : | |

This matter comes before the Court on Plaintiffs' Motion for Default Judgment [Dkt. Entry No. 7]. The Court has considered Plaintiffs' motion and previously issued an Order to Show Cause on March 21, 2011 in which the Court directed Plaintiffs to supplement their application for Default Judgment with evidence that service had been made properly upon Defendants Nancy Armienti and Richard E. Pierson Construction Company ("Pierson") [Dkt. Entry No. 8].

Fed. R. Civ. P. 55(b)(2) authorizes district courts to enter a default judgment against a "properly served defendant who fails to plead or otherwise defend an action." See La. Counseling and Family Servs., Inc. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990). Fed. R. Civ. P. 4(h) governs service of process on domestic and foreign corporations when the corporation is served in the United States and authorizes service of process on a corporation pursuant to state law of the state where the district court is located or where service is made and New Jersey law provides that service may be made upon a corporation "by serving a copy of the summons and complaint . . . on

any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation . . . ." N.J. Ct. R. 4:4-4(a)(6); and

      Plaintiffs have demonstrated that service was properly made upon Defendant Armienti.  However, Plaintiffs have requested an extension of time within which to establish effective service upon Defendant Pierson.  Fed. R. Civ. P. 4(m) authorizes district courts to extend the time to effectuate proper service beyond 120 days of the filing of the complaint if Plaintiff can show good cause for the delay.  The Third Circuit has established a two-part test to determine whether to grant an extension under Rule 4(m).  First the court must consider whether "good cause exists for a plaintiff's failure to effect timely service.  If good cause does not exist, the court must consider whether to grant a discretionary extension of time." <u>Boley v. Kaymark</u>, 123 F.3d 756, 758 (3d Cir. 1997).  The Court must consider three factors to decide whether good cause exists in deciding on a motion to extend time to effectuate service: "(1) reasonableness of the plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve." <u>MCI Telecomm. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d Cir. 1995); and

      Plaintiffs initially attempted to serve process on Defendant Pierson by hand delivering the summons and complaint to Michele Walker, an administrative assistant at Defendant Pierson's Pilesgrove, NJ office on July 9, 2010 [Dkt. Entry No. 4].  Plaintiffs have conceded that service upon Walker was improper because the process server did not ascertain whether Walker was authorized to receive service for Defendant Pierson as required by Fed. R. Civ. P. 4(h) (Def. Mot. for Extension of Time to Effect

Service 2). Plaintiffs reasonably believed they made proper service and did not become aware that service was improper until receiving the Order to Show Cause (Id. at 5). Further, Defendant Pierson will not be prejudiced by an extension of time to effect service because Pierson presumably had actual notice of Plaintiffs' action when procedurally defective service was made on Walker, but have yet to file any responsive pleadings. Thus, Plaintiffs have demonstrated good cause to extend time to serve Defendant Pierson.

In the interest of justice and judicial efficiency, the Court will reserve entering Default Judgment against the other Defendants in the matter until proper service is made upon Defendant Pierson, the successor company to Defendant Atlantic County Concrete & Materials, Inc., at which time the Court will consider the propriety of entering Default Judgment against all Defendants.

Accordingly,

**IT IS THEREFORE ORDERED** on this 7th day of July, 2011, that Plaintiffs' motion for default judgment is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs shall properly serve Defendant Pierson within 14 days of the date of this Order.

   /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge